[Civ. No. 51687. Second Dist., Div. One. July 28, 1978.]

ROSS GENERAL HOSPITAL, INC.,
Plaintiff and Respondent, v.
JEROME A. LACKNER, as Director, etc., et al.,
Defendants and Appellants.

### COUNSEL

Evelle J. Younger, Attorney General, N. Eugene Hill, Chief Assistant Attorney General, John J. Klee, Jr., Assistant Attorney General, Thomas E. Warriner, Richard M. Skinner and James D. Clayton, Deputy Attorneys General, for Defendants and Appellants.

Weissburg & Aronson, Carl Weissburg, Albert C. Mour, Win R. Richey and Patric Hooper for Plaintiff and Respondent.

### OPINION

**THOMPSON, J.**—Effective September 9, 1976, the Legislature enacted a comprehensive modification of the statutory scheme governing new hospital facilities in California. The legislation consolidates approval authority for new facilities in the Department of Health and expands the scope of projects subject to approval. (Leg. Counsel's Dig. of Assem. Bill No. 4001 (1975-1976 Reg. Sess.).) Included within the statutory scheme is Health and Safety Code section 437.11, a "grandfather clause" exempting specified types of projects from the scope of the legislation. This appeal tests the validity of section 90603, subdivision (e) of title 22 of the California Administrative Code, a regulation purportedly implementing the "grandfather clause."

Health and Safety Code section 437.11 exempts projects which were commenced prior to September 9, 1976, provided other specified requirements are met. Subdivision (e)(3) of section 90603 of title 22, California Administrative Code, excludes among other items: (1) the acquisition of diagnostic and therapeutic equipment as a factor in determining the commencement of a project; and (2) adds the requirement that a project is deemed commenced only if prior to September 9, 1976, there was a written contract calling for its completion.

As did the trial court, we conclude that the regulation is invalid as applied in the case at bench and that the respondent hospital met the statutory definition for exemption from the new law by reason of the "grandfather clause."

*Facts*

Because the appellant Director of Public Health has not questioned them on appeal, we recite the facts as found by the trial court implemented where necessary by reference to the record.

Respondent Ross General Hospital is a licensed acute care hospital operating in Marin County. On April 26, 1976, the board of trustees of the hospital authorized an investigation of the feasibility of converting its stand-by emergency service to a basic emergency service. The hospital administrator began interviewing various physician groups to determine whether one could be chosen to staff a basic emergency service. A financial feasibility study of the conversion was undertaken and was completed by August of 1976.

On September 2, the board of trustees of the hospital authorized the conversion at an estimated cost of $19,227, of which $18,075.38 was for new diagnostic and therapeutic equipment necessary for the change. Prior to September 9, 1976, "binding written contracts for the acquisition of a portion of the equipment totalling $13,244.88 had been executed . . . ."

As required by statute, the hospital filed a timely application for exemption from the provisions of new Health and Safety Code section 437.10, subdivision (c) which, absent an exemption, required a "certificate of need" as a prerequisite to the conversion of the emergency room from "stand-by" to "basic" status. The Department of Health denied the application for exemption. The denial triggered an administrative hearing at which all parties proceeded on the assumption that the sole issue was whether or not the conversion project had been commenced prior to September 9, 1976. Adopting the decision of a hearing officer, the Department of Health found that the conversion project had not been "commenced prior to September 9, 1976." It reached that decision because "a written contract for completion of the project was not executed prior to September 9, 1976" since the hospital did not enter into an agreement for the provision of the "basic" 24-hour emergency medical

service until September 13, 1976. Accordingly, the department upheld the denial of the certificate of exemption.

Pursuant to Code of Civil Procedure section 1094.5, the hospital sought judicial review of the administrative determination. The trial court found that the department's finding that the project had not been commenced prior to September 9, 1976, is not supported by the evidence. It determined that the department's regulation embodied in subdivision (e)(3)(A) of section 90603 of title 22 of the California Administrative Code is inapplicable to the situation presented in the case at bench. It held, also, that, to the extent the regulation might be applicable, it is invalid as contrary to Health and Safety Code section 437.11, subdivision (a)(3). The court issued its peremptory writ directing the Department of Health to issue its certificate of exemption.

## Contentions

In this appeal from that judgment, the department contends: (1) in a proceeding pursuant to Code of Civil Procedure section 1094.5, the superior court was without power to declare the critical regulation invalid; (2) the regulation is valid; and (3) the hospital's failure to comply with the regulation constitutes substantial evidence that the hospital had not "commenced" conversion of its emergency room prior to September 9, 1976. The department contends, also, that the trial court erred in ordering that a certificate of exemption issue rather than in merely remanding the matter to the department for reconsideration or further action. The hospital counters with a contention seeking sanctions for a frivolous appeal.

### Subdivision (e), Section 90603,

### Title 22, California Administrative Code

Contrary to the department's argument, the validity of its regulations as applied to the situation of the case at bench was placed in issue by the hospital's petition for administrative mandate. (*Rosas* v. *Montgomery* (1970) 10 Cal.App.3d 77, 92 [88 Cal.Rptr. 907, 43 A.L.R.3d 537].) Comparison of the department's regulation encompassed in subdivision (e), section 90603, title 22, California Administrative Code, with Health and Safety Code section 437.11, the statute which the regulation purports to implement, discloses that as applied to the fact situation here presented the regulation is contrary to the statute and hence invalid. (See *Rosas* v. *Montgomery, supra,* 10 Cal.App.3d at p. 92.)

Health and Safety Code section 437.10 specifies the types of hospital projects which must be preceded by a certificate of need or certificate of exemption. Those include the construction of new health facilities, changes in license categories, creation of new clinics or changes in clinic class, the establishment of a new special service as in the case at bench, and capital expenditures in excess of $150,000. Subdivision (d) of section 437.10 specifies one other category within the scope of the statute as: "The initial purchase or lease by a facility of diagnostic or therapeutic equipment with a value in excess of . . . $150,000 . . . in a single fiscal year . . . ."

Health and Safety Code section 437.11 states, in pertinent part: "The . . . department . . . shall issue a certificate of exemption . . . where the applicant has shown and the director has found that: (1) the applicant has, prior [to September 9, 1976] committed or incurred a financial obligation . . . which is certified by a licensed architect or engineer to be 10 percent of the cost of the total project, or . . . $75,000 . . . , whichever is less; and (2) The project cannot be terminated without substantial economic loss to the applicant; and (3) *Except with respect to projects set forth in subdivision (d) of Section 437.10,* the project was commenced prior to [September 9, 1976] and is being diligently pursued to completion . . . ." (Italics added.)

The pertinent portion of title 22, section 90603, subdivision (e)(3) provides: "The Department shall issue a Certificate of Exemption pursuant to this section where the Department finds all of the following . . . (3) The project, *excluding the initial purchase or lease of diagnostic or therapeutic equipment,* commenced prior to September 9, 1976 and is diligently being pursued to completion, in accordance with the following: (A) Commencement of the project for purposes of this section shall mean that the applicant has executed a written contract for completion of the project or has submitted to the Department preliminary drawings and outline specifications . . . . (B) Diligently pursuing the project to completion for purposes of this section means that the project is progressing toward completion according to a reasonable time schedule." (Italics added.)

■ There is an inherent conflict between the manner in which the statute and the regulation treat the consequences of acquisition of diagnostic and therapeutic equipment. The statute exempts from any requirement that a project be commenced prior to September 9, 1976 acquisitions of diagnostic and therapeutic equipment of a value in excess

of $150,000. The acquisition of the large amount of equipment satisfies the "grandfather" requirement if there is only a "commitment" for the project and there is no requirement that the project be "commenced" prior to the effective date of the act. The statute thus affords more liberal qualification for exemption to the acquisition of diagnostic and therapeutic equipment than it does to other projects so long as the value of the equipment exceeds $150,000. The regulations, on the other hand, treat the acquisition of diagnostic and therapeutic equipment as second class expenditures or obligations for the purpose of determining when a project has commenced by excluding the acquisition of the equipment in determining commencement date.

The favored treatment given by the statute to acquisitions of diagnostic and therapeutic equipment valued at more than $150,000 indicates a legislative intent to treat acquisitions of the equipment in whatever amount as at least the equal of any other activity that may constitute commencement of a project. Thus, the underscored portion of the regulation must be held invalid as contrary to the intent expressed in the underscored portion of the statute.

Ignoring the invalid portion of the regulation which excludes the acquisition of diagnostic or therapeutic equipment from consideration in determining whether a project has commenced, we must then determine whether the existence of contracts of acquisition constitute commencement where the essence of the project itself is the addition of the equipment. That question must be answered in the affirmative. The statute and the regulation speak in terms of the physical project and not in terms of the contractual manner in which it will be made operational.

In sum, the record establishes without contradiction that: (1) prior to September 9, 1976, hospital entered into binding written contracts for acquisition of the bulk of the physical property which constituted the project it had previously determined to pursue, thus commencing the project; and (2) the remaining requirements for an exemption certificate are conceded to exist. The trial court thus correctly overturned the administrative determination to the contrary.

■  The department's argument in support of its administrative determination is based solely upon the failure of the contracts to provide for "completion of the project" as required in the regulations. No such requirement is included in the statute. Health and Safety Code section 437.11 requires only that the project be commenced and diligently

pursued to completion. The regulation imposes a further requirement that the diligent pursuit to completion be embodied in a contract. That further requirement of the regulations is a valid one only if it is "reasonably necessary to effectuate [the statute]" (*Mooney* v. *Pickett* (1971) 4 Cal.3d 669, 679 [94 Cal.Rptr. 279, 483 P.2d 1231]), or " 'reasonably designed to aid a statutory objective.' [Citations.]" (*Credit Ins. Gen. Agents Assn.* v. *Payne* (1976) 16 Cal.3d 651, 657 [128 Cal.Rptr. 881, 547 P.2d 993].)

The only conceivable justification for the regulation's requirement is a purpose to define the situation in which a project has in fact been commenced in good faith. The statute, however, imposes its own tests for that determination. An expenditure of a specified amount must have been incurred or committed, the situation must be one in which the project cannot be terminated without substantial economic loss, and the project must be diligently pursued to completion. The statute thus prescribes the criteria which the Legislature has determined necessary to the only conceivable justification for the regulation. Thus, the critical portion of the regulation is neither reasonably necessary to nor reasonably designed to aid the implementation of the statute, and is for that reason invalid.

### Scope of Relief

■ Contrary to the department's contention, the trial court was not limited to remanding the matter to the department for further proceedings, but could properly order that the certificate of exemption issue. Where the record of the administrative proceedings requires as a matter of law that a particular determination be made, the court may order that the agency carry out its legal obligation. (*Tripp* v. *Swoap* (1976) 17 Cal.3d 671, 677 [131 Cal.Rptr. 789, 552 P.2d 749].) Such is the case here.

■ A closer issue is presented by the hospital's claim for sanctions on the theory that this appeal has been prosecuted by the department solely for the purpose of delay. The department's assertion in the face of *Tripp* that the matter must be remanded for further administrative action supports an inference that the appeal is in part a delaying action. We cannot conclude, however, that the appeal is frivolous. While the department's regulation exceeds its statutory authority, there is no indication that the regulation was promulgated or applied recklessly or in

bad faith. The department's appeal to justify its regulation is thus not a frivolous one.

*Disposition*

The judgment is affirmed.

Lillie, Acting P. J., and Hanson, J., concurred.

A petition for a rehearing was denied August 21, 1978, and appellants' petition for a hearing by the Supreme Court was denied October 12, 1978.