[S.F. No. 24152. Jan. 8, 1981.]

MARION J. WOODS, as Director, etc., Petitioner, v.
THE SUPERIOR COURT OF BUTTE COUNTY, Respondent;
JULIA SEIBERT et al., Real Parties in Interest.

670

COUNSEL

George Deukmejian, Attorney General, Thomas E. Warriner, N. Eugene Hill and Richard M. Skinner, Deputy Attorneys General, for Petitioner.

No appearance for Respondent.

Daniel L. Siegel, Michael R. Bush and Alan Lieberman for Real Parties in Interest

Andrea Saltzman, William Marlin, Phyllis E. Andelin and Thomas W. Pulliam, Jr., as Amici Curiae on behalf of Real Parties in Interest.

Victoria J. De Goff as Amicus Curiae.

**OPINION**

**RICHARDSON, J.**—We have concluded that a decision of the Director (petitioner) of the Department of Social Services denying benefits to

real parties in interest below (applicants) pursuant to an assertedly invalid regulation may be reviewed by administrative mandamus. (Code Civ. Proc., § 1094.5; unless otherwise indicated subsequent statutory references are to this code.) Accordingly, petitioner's demurrer to applicants' petition for such writ was properly overruled, and his petition for mandate and/or prohibition to restrain further trial court proceedings will be denied.

In reviewing this matter we reaffirm our traditional reluctance to interpose prerogative writ review of rulings on pleadings. (*State of California* v. *Superior Court* (1974) 12 Cal.3d 237, 243, fn. 3 [115 Cal.Rptr. 497, 524 P.2d 1281]; *Babb* v. *Superior Court* (1971) 3 Cal.3d 841, 851 [92 Cal.Rptr. 179, 479 P.2d 379].) We are persuaded, however, that the procedural validity herein presented is an important and continuing issue in California administrative practice fully meriting our attention.

## PROCEDURAL POSTURE

According to factual allegations in the petition, applicants were required to vacate apartment dwellings occupied by them as tenants after the City of Oroville declared them to be dangerous and unfit for human habitation. Applicants thereupon unsuccessfully applied to the Butte County Department of Social Welfare (county) for funds to relocate. Thereafter, pursuant to Welfare and Institutions Code section 10950, applicants requested and received a "fair hearing" before an appropriate officer of that department for the purpose of challenging county's action. Following the hearing, during which applicants presented testimony and arguments, petitioner denied their claims on the ground that departmental regulations covering "non-recurring special needs" do not authorize expenditure of housing relocation funds.

Seeking to compel petitioner to set aside his decision and to afford them relief, applicants petitioned the Superior Court of Butte County for a writ of mandamus pursuant to section 1094.5, claiming that the departmental regulations violated federal and state law. (See 42 U.S.C. § 606(e); Welf. & Inst. Code, § 11450, subd. (d).)

Petitioner demurred to applicants' petition, contending that the appropriate method of challenging the validity of a departmental regulation was either by petition for "ordinary" mandamus under sec-

tion 1085 or by an action for declaratory relief pursuant to section 1060. Following the overruling of his demurrer petitioner here seeks an extraordinary writ to annul the ruling.

### JUDICIAL INTERPRETATION OF THE APPLICABLE STATUTES

Initially, we note that a demurrer must be overruled if the moving party has alleged facts entitling him to some form of relief. ▮ More specifically, we have said that if a proper basis for issuance of mandamus is alleged, "it is unimportant that plaintiff's pleading was not in form a petition for mandamus...." (*Boren* v. *State Personnel Board* (1951) 37 Cal.2d 634, 638 [234 P.2d 981]; see also, *Anton* v. *San Antonio Community Hosp.* (1977) 19 Cal.3d 802, 813-814 [140 Cal.Rptr. 442, 567 P.2d 1162] [proceeding brought pursuant to § 1085 properly treated as one brought pursuant to § 1094.5].) Here, petitioner apparently conceding that applicants' factual allegations would state a cause of action for issuance of a writ of mandamus pursuant to section 1085 (rather than § 1094.5), the propriety of the trial court's order overruling petitioner's demurrer becomes even clearer.

Section 1094.5, subdivision (a), provides as follows: "Where the writ is issued for the purpose of inquiring into the validity of any final administrative order or decision made as the result of a proceeding in which by law a hearing is required to be given, evidence is required to be taken and discretion in the determination of facts is vested in the inferior tribunal, corporation, board or officer, the case shall be heard by the court sitting without a jury. All or part of the record of the proceedings before the inferior tribunal, corporation, board or officer may be filed with the petition, may be filed with respondent's points and authorities or may be ordered to be filed by the court. If the expense of preparing all or any part of the record has been borne by the prevailing party, such expense shall be taxable as costs." When the three elements of hearing, evidence, and discretion are found to be present, "by the very terms of the statute [§ 1094.5, subd. (a)], the procedure there set forth is to be utilized in all cases in which review of a final adjudicatory order is sought by mandate...." (*Anton* v. *San Antonio Community Hosp., supra,* at p. 814, fns. omitted.)

▮ Of course, mandamus pursuant to section 1094.5, commonly denominated "administrative" mandamus, is mandamus still. It is not possessed of "a separate and distinctive legal personality. It is not a

remedy removed from the general law of mandamus or exempted from the latter's established principles, requirements and limitations." (*Grant v. Board of Medical Examiners* (1965) 232 Cal.App.2d 820, 826 [43 Cal.Rptr. 270]; see *Anton v. San Antonio Community Hosp., supra,* 19 Cal.3d at p. 814.) The full panoply of rules applicable to "ordinary" mandamus applies to "administrative" mandamus proceedings, except where modified by statute. (See 5 Witkin, Cal. Procedure (2d ed. 1971) Extraordinary Writs, § 213, p. 3970; Cal. Administrative Mandamus (Cont.Ed.Bar 1966) § 1.5, p. 7.) ■ Because applicants are conceded to have stated a cause of action for some form of extraordinary relief, petitioner's demurrer properly was overruled.

More fundamentally, however, the specific extraordinary relief sought by applicants here—a writ of mandamus pursuant to section 1094.5—is the proper means for review of an adjudicatory decision of the Department of Social Services which is alleged to be invalid because it is based upon an invalid regulation. The propriety of such procedure is grounded upon two statutory footings—sections 10950-10965 of the Welfare and Institutions Code, containing the manner for assertion of entitlement to public social service benefits, and section 1094.5 itself.

Several sections of the Welfare and Institutions Code are pertinent. Section 10950 provides in relevant part: "If any applicant for. . .public social services is dissatisfied with any action of the county department relating to his application. . .he shall,. . .upon filing a request with the State Department of Social Services. . ., be accorded an opportunity for a fair hearing." The "fair hearing," by virtue of section 10953 of the code, is to be conducted by the director of the department, by the department's administrative adviser, by a referee employed by the department or, in certain cases, by a representative of the Office of Administrative Hearings, each acting with all the powers and authority conferred upon the head of the department. (*Id.,* § 10954.) Other sections of this code provide for the procedural details of the hearing. (*Id.,* §§ 10955-10960.) The statutes impose no limitation, factual or legal, upon the issues which may be raised in the "fair hearing."

Section 10962 of the Welfare and Institutions Code explicitly provides for judicial review of the director's final decision in the following manner: "The applicant. . ., within one year after receiving notice of the director's final decision, may file a petition with the superior court, under the provisions of Section 1094.5 of the Code of Civil Procedure,

praying for a review of the entire proceedings in the matter, upon questions of law involved in the case. Such review, if granted, shall be the exclusive remedy available to the applicant. . .for review of the director's decision. [¶]. . .The applicant. . .shall be entitled to reasonable attorney's fees and costs, if he obtains a decision in his favor." Significantly, the judicial review contemplated is "of the entire proceedings," including, of course, "questions of law."

Applicants have fully complied with the requirements of this statutory scheme in asserting their claims for social service benefits: They applied to the county for such benefits; upon denial of their applications, they sought and obtained a "fair hearing"; and upon receipt of the director's final decision rejecting their applications, they timely filed in the superior court a petition for section 1094.5 mandamus, as directed by Welfare and Institutions Code section 10962.

Quite apart from the specific authorization of Welfare and Institutions Code section 10962, we have declared as a general principle: "Since the enactment of section 1094.5 of the Code of Civil Procedure, it is no longer open to question that in this state the writ of mandamus is appropriate 'for the purpose of inquiring into the validity of any final administrative order or decision made as the result of a proceeding in which by law a hearing is required to be given, evidence is required to be taken and discretion in the determination of facts is vested in the inferior tribunal. . . .'" (*Boren* v. *State Personnel Board, supra,* 37 Cal.2d at p. 637.) The scope of the proceeding is contemplated by section 1094.5, subdivision (b): "The inquiry in such a case shall extend to the questions whether the [administrative agency] has proceeded without, or in excess of jurisdiction; whether there was a fair trial; and whether there was any prejudicial abuse of discretion. Abuse of discretion is established if the [agency] has not proceeded in the manner required by law, . . ."

## THE CONTENTIONS AND THE DECISIONAL LAW

Petitioner argues, initially, that although routinely it may be proper to review adjudicatory decisions by a section 1094.5 proceeding, the absence of any substantial factual dispute renders such a proceeding inappropriate in the present matter. Petitioner notes that the parties agree that the regulations in question preclude the relief sought by applicants on the facts of their respective cases. Rather, it is the asserted

invalidity of the regulations themselves which is the essential basis for applicants' claims. Because the *promulgation* of that regulation was a "quasi-legislative" as opposed to "quasi-judicial" (or adjudicatory) function, petitioner urges that a review by administrative mandamus is inappropriate, and that applicants' remedy is limited to "ordinary" mandamus or declaratory relief.

In so contending, however, petitioner ignores the fact that applicants' claims were denied in an adjudicatory hearing. Nor does the fact that one of the issues involved an attack on the validity of administrative regulations transform an essentially adjudicatory determination into a "quasi-legislative" one. The "fair hearing" in which applicants' request for assistance was denied was, manifestly, "a proceeding in which by law a hearing is required to be given, evidence is required to be taken and discretion in the determination of facts is vested in the inferior tribunal, . . ." (Code Civ. Proc., § 1094.5, subd. (a).) The proceeding was adjudicatory in nature because it involved "a determination by the agency of what the facts are in relation to specific private rights or interests." (Cal. Administrative Mandamus, *supra*, § 2.2, p. 10; see *Wulzen* v. *Board of Supervisors* (1894) 101 Cal. 15, 24 [35 P. 353].) It is readily apparent that applicants' claims are predicated upon the existence of facts which are peculiar to them: notice to quit specific dangerous and unfit rental housing, request for relocation assistance, and denial of assistance by the county. The assertion of such claims places in issue the validity of the regulations pursuant to which relief was denied them. This does not immunize their case from the clear statutory direction which gives them section 1094.5 review of that denial as their "exclusive remedy." (Welf. & Inst. Code, § 10962.)

Petitioner emphasizes the well established "critical distinction involved in judicial review of quasi-legislative and quasi-adjudicative administrative acts," and relies upon our analysis in *Strumsky* v. *San Diego County Employees Retirement Assn.* (1974) 11 Cal.3d 28, 34-35, footnote 2 [112 Cal.Rptr. 805, 520 P.2d 29], wherein we said: "Generally speaking, a legislative action is the formulation of a rule to be applied to all future cases, while an adjudicatory act involves the actual application of such a rule to a specific set of existing facts." (See also *Wulzen* v. *Board of Supervisors, supra*, 101 Cal. at p. 24; Cal. Administrative Mandamus, *supra*, § 2.8, p. 17.) Our review of the record convinces us that the case involves the latter category within the *Strumsky* formulation. Accordingly, contrary to petitioner's assertions,

neither *Pitts* v. *Perluss* (1962) 58 Cal.2d 824 [27 Cal.Rptr. 19, 377 P.2d 83], nor *Brock* v. *Superior Court* (1952) 109 Cal.App.2d 594 [241 P.2d 283] constitute useful precedent. Each of these cases involved "quasi-legislative" determinations for which section 1094.5 review was disallowed.

■ From the foregoing we conclude that an unsuccessful applicant for welfare benefits may contest the validity of a regulation which mandates the denial of his application both in the "fair hearing" provided by section 10950 and in the subsequent judicial review under section 1094.5. (Welf. & Inst. Code, § 10962; *Verdugo Hills Hospital, Inc.* v. *Department of Health* (1979) 88 Cal.App.3d 957 [152 Cal.Rptr. 263]; *Ross Gen. Hosp., Inc.* v. *Lackner* (1978) 83 Cal.App.3d 346 [147 Cal.Rptr. 801]; *Rosas* v. *Montgomery* (1970) 10 Cal.App.3d 77 [88 Cal.Rptr. 907, 43 A.L.R.3d 537]; see also *Repko* v. *Carleson* (1975) 48 Cal.App.3d 249 [122 Cal.Rptr. 29]; 5 Witkin, Cal. Procedure, *supra,* Extraordinary Writs, § 215, p. 3972; Cal. Administrative Mandamus, *supra,* § 2.9, p. 19.)

In *Rosas, supra,* 10 Cal.App.3d 77, a welfare applicant who was denied public assistance pursuant to a departmental regulation which excluded alcoholism as an "impairment" qualifying a person for such benefits sought to invalidate the regulation on the ground that it was an unreasonable interpretation of the governing statute. Having failed to obtain relief in the administrative "fair hearing," applicant "was entitled to [seek]" section 1094.5 relief. (10 Cal.App.3d at p. 86.) The *Rosas* court invalidated the regulation in part and concluded that the director's application of the invalid regulation was not proceeding "in the manner required by law." (Code Civ. Proc., § 1094.5, subd. (b).) (To the extent language in *Rosas* may be interpreted as approval of § 1094.5 review of regulations which have not been applied to applicants within specific factual settings (see 10 Cal.App.3d at p. 86), such language is disapproved.)

The *Rosas* reasoning and result were applied in *Ross, supra,* 83 Cal. App.3d 346, in which an applicant for exemption from new Health and Safety Code requirements was denied relief under a departmental regulation. Applicant sought and was granted section 1094.5 review of the administrative determination in the superior court. Upon appeal, the court cited *Rosas* for its holding that "the validity of [the] regulations as applied to the situation of the case at bench was placed in issue by

[applicant's] petition for administrative mandate." (*Id.*, at p. 351.) It thereupon proceeded to find the regulation invalid because, "as applied to the fact situation here presented the regulation is contrary to the statute...." (*Ibid.*)

The reasoning of this line of cases was recently summarized in *Verdugo Hills, supra*, 88 Cal.App.3d 957: ██ "The validity of an administrative regulation, in whole or in part, as applied to a petitioner in an administrative mandamus proceeding, may be challenged therein by that petitioner where the basis of the challenge is that the regulation or some portion thereof is not a reasonable interpretation of the statute ...and is therefore void." (*Id.*, at pp. 962-963.) *Verdugo Hills* noted that "abuse of discretion" under section 1094.5 is established if "the administrative agency has not proceeded in the manner required by law. Proceeding pursuant to an invalid regulation is not proceeding in the manner required by law." (*Id.*, at p. 963.)

The *Verdugo Hills* rationale is squarely applicable to the facts before us. Applicants may seek review of petitioner's decision denying them benefits while simultaneously challenging the validity of the regulations in question. If the trial court should find that the regulations are invalid as applied to applicants, it may grant them relief for petitioner's "abuse of discretion" in applying invalid regulations. Neither law nor logic should compel any different result.

We are unpersuaded by the force of the related objections to section 1094.5 review advanced by petitioner, namely, that (1) the "wrong" standard of review necessarily will be applied to the administrative promulgation of the regulation, and (2) an inadequate "record" is generated in the "fair hearing" required by section 10950 of the Welfare and Institutions Code.

It is true that the judicial review of an administrator's "quasi-legislative" conduct traditionally has been limited to a determination of whether such action has been "arbitrary, capricious, or entirely lacking in evidentiary support, or whether he has failed to follow the procedure and give the notices required by law." (*Brock v. Superior Court, supra*, 109 Cal.App.2d at p. 605.) Petitioner asserts that this contrasts sharply with section 1094.5, subdivision (c) which requires entirely different standards of review—"weight of the evidence" and "substantial evidence"—in determining whether an "abuse of discretion" exists. Howev-

er, subdivision (c) specifically relates only to cases in which abuse of discretion is claimed to result from the fact that the administrator's "findings are not supported by the evidence...." It does not purport to allude to situations, such as that before us, in which the abuse of discretion is claimed to result from an administrator's failure to proceed "in the manner required by law." (*Id.*, subd. (b).) Nor should it.

The proper scope of a court's review is determined by the task before it. ■ Where a statute empowers an administrative agency to adopt regulations, such regulations "must be consistent, not in conflict with the statute, and reasonably necessary to effectuate its purpose." (*Mooney* v. *Pickett* (1971) 4 Cal.3d 669, 679 [94 Cal.Rptr. 279, 483 P.2d 1231]; Gov. Code, § 11342.2.) The task of the reviewing court in such a case "'is to decide whether the [agency] reasonably interpreted the legislative mandate.' [Citation.]" (*Credit Ins. Gen. Agents Assn.* v. *Payne* (1976) 16 Cal.3d 651, 657 [128 Cal.Rptr. 881, 547 P.2d 993].) Such a limited scope of review constitutes no judicial interference with the administrative discretion in that aspect of the rulemaking function which requires a high degree of technical skill and expertise. (See *Ray* v. *Parker* (1940) 15 Cal.2d 275, 310-311 [101 P.2d 665].) Correspondingly, there is no agency discretion to promulgate a regulation which is inconsistent with the governing statute.

We repeat our admonition expressed in *Morris* v. *Williams* (1967) 67 Cal.2d 733, 737 [63 Cal.Rptr. 689, 433 P.2d 697]: "Our function is to inquire into the legality of the regulations, not their wisdom....Administrative regulations that violate acts of the Legislature are void and no protestations that they are merely an exercise of administrative discretion can sanctify them." Acknowledging that the interpretation of a statute by one charged with its administration was entitled to great weight, we nonetheless affirmed: "'Whatever the force of administrative construction...final responsibility for the interpretation of the law rests with the courts.' [Citations.] Administrative regulations that alter or amend the statute or enlarge or impair its scope are void and courts not only may, but it is their obligation to [,] strike down such regulations." (*Id.*, at p. 748.)

Similarly, the limited challenge herein presented does not involve the adequacy of the administrative record. (See *Transcentury Properties, Inc.* v. *State of California* (1974) 41 Cal.App.3d 835, 842 [116 Cal.Rptr. 487]; cf., *State of California* v. *Superior Court, supra*, 12

Cal.3d at p. 256.) We do not suggest, of course, that augmentation of an administrative record would not be available under the Code of Civil Procedure in a case requiring it. (See Cal. Administrative Mandamus, *supra*, § 13.20, pp. 230-231; 5 Witkin, Cal. Procedure, *supra*, Extraordinary Writs, § 213, p. 3969.) But ours is not such a case. Neither the state of the record nor the statutory scope of review is a legitimate issue.

Petitioner contends that because an administrative agency is compelled to enforce its own regulations, an attack on the validity of those regulations in a statutory "fair hearing" necessarily encourages a "useless act." But, on principle, an *invalid* regulation *should* be vulnerable to attack at the administrative level. This is consistent both with precedent and common sense. The legislative acceptance of this principle is clear. Government Code section 11342.2 declares: "Whenever by the express or implied terms of any statute a state agency has authority to adopt regulations to implement, interpret, make specific or otherwise carry out the provisions of the statute, no regulation adopted is valid or effective unless consistent and not in conflict with the statute and reasonably necessary to effectuate the purpose of the statute." Repeatedly, we have held that administrative regulations which exceed the scope of the enabling statute are invalid and have no force or life. (See *Bright* v. *Los Angeles Unified Sch. Dist.* (1976) 18 Cal.3d 450, 459-464 [134 Cal.Rptr. 639, 556 P.2d 1090]; *Cooper* v. *Swoap* (1974) 11 Cal.3d 856, 864-865 [115 Cal.Rptr. 1, 524 P.2d 97]; *California Welfare Rights Organization* v. *Brian* (1974) 11 Cal.3d 237, 239, 242-243 [113 Cal.Rptr. 154, 520 P.2d 970]; *In re Jordan* (1972) 7 Cal.3d 930, 939 [103 Cal. Rptr. 849, 500 P.2d 873]; *Mooney* v. *Pickett, supra,* 4 Cal.3d 669, 675-676, 681.)

The practical effect of prohibiting an administrator from nullifying an invalid regulation of his own making would be to require the invocation of a judicial remedy in all such cases. Such conceptual rigidity is ill-advised. The general principle that courts should not be burdened with matters which can be adequately resolved in administrative fori, frequently expressed in the rule requiring exhaustion of administrative remedies (see *Temescal Water Co.* v. *Dept. Public Works* (1955) 44 Cal.2d 90, 106 [280 P.2d 1]; *Abelleira* v. *District Court of Appeal* (1941) 17 Cal.2d 280, 292 [109 P.2d 942, 132 A.L.R. 715], and cases there cited), is founded at least in part on the wisdom of the efficient use of governmental resources. (See, e.g., *In re Serna* (1978) 76 Cal.

App.3d 1010, 1016 [143 Cal.Rptr. 350].) Such use serves the twin goals of avoiding delay and unnecessary expense in vindication of legal rights. Permitting administrators an opportunity to construe challenged regulations in a manner to avoid their invalidation is preferable to requiring a court challenge. Moreover, in those cases in which the validity of such a regulation must be judicially resolved, the task of a reviewing court is simplified by a narrowing and clarification of the issues in an administrative hearing.

Finally, petitioner objects to applicants' procedural route in this case because of the prospect that attorney's fees will be awarded if they are successful (see Welf. & Inst. Code, § 10962). Presumably more applicants will be encouraged thereby to seek section 1094.5 relief, rather than to pursue "regular" mandamus or declaratory remedy.

Such a contention is not persuasive. Attorney's fees are not necessarily denied to litigants in applicants' position who pursue another procedural course. Such fees may well be available to successful litigants in "ordinary" mandamus and declaratory relief proceedings. (See Gov. Code, § 800 [fees recoverable against public entity where its action is "arbitrary or capricious"]; and Code Civ. Proc., § 1021.5 [similarly against public entity where "important" public interest right is vindicated].) Also, it would appear illogical to deny attorney's fees in cases involving an *invalid* regulation applied wrongfully, thereby preventing appropriate benefits to a litigant, but to award them when a *valid* regulation is wrongfully applied, causing the same adverse consequences to the litigant.

Most significantly, of course, Welfare and Institutions Code section 10962 specifically provides for an award of appropriate counsel fees in a case such as this one. We have previously described the purpose of section 10962 as ensuring that aggrieved parties have access to the judicial system to establish their statutory rights. (*Tripp* v. *Swoap* (1976) 17 Cal.3d 671, 680-681 [131 Cal.Rptr. 789, 552 P.2d 749].) The statutory elimination of filing fees and bond requirements, the preference in setting hearing dates, and the authorization of attorney's fees and costs encourage such access. Because petitioner's arguments run counter to both the spirit and letter of this legislative purpose, such contentions should receive legislative not judicial attention.

CONCLUSION

The practical result of our disposition herein is reasonable. ■ Invalid regulations need not be applied or enforced in statutory "fair hearings," and if they are, judicial review may be invoked by "administrative" mandamus pursuant to section 1094.5. (Welf. & Inst. Code, § 10962.) Furthermore, interested persons who are not entitled to such "fair hearings" because they are neither applicants for, nor recipients of, public social service benefits, and who otherwise have standing to complain, still may challenge invalid regulations by mandamus pursuant to section 1085 or by action for declaratory relief pursuant to section 1060. (Gov. Code, § 11350.)

For the reasons given, the alternative writ is discharged and the peremptory writ is denied.

Bird, C. J., Tobriner, J., Mosk, J., Clark, J., and Newman, J., concurred.