BILL LOCKYER Attorney General THOMAS S. LAZAR Deputy Attorney General
The STATE ALLOCATION BOARD has requested an opinion on the following question:
Is the State Allocation Board authorized to notify the Secretary of the Senate and the Chief Clerk of the Assembly when new construction grant requests from school districts that are ready for apportionment exceed the state funds available for new school construction?
 CONCLUSION
The State Allocation Board is not authorized to notify the Secretary of the Senate and the Chief Clerk of the Assembly when new construction grant requests from school districts that are ready for apportionment exceed the state funds available for new school construction as long as the board continues to approve apportionments.
 ANALYSIS
The Legislature has enacted the School Facilities Act (Gov. Code, §§ 65970 65981)[1] to help provide financing for the expansion of school classrooms made necessary by new residential developments (§ 65970). (See Grupe Development Co. v. Superior Court (1993) 4 Cal.4th 911, 915-923; Loyola Marymount University v. Los Angeles Unified School Dist. (1996) 45 Cal.App.4th 1256, 1262-1263; Canyon North Co. v. Conejo Valley Unified School Dist. (1993)19 Cal.App.4th 243, 247-250; Corona-Norco Unified Sch. Dist. v. City of Corona (1993) 13 Cal.App.4th 1577, 1583-1587; Shapell Industries, Inc. v. Governing Board (1991) 1 Cal.App.4th 218, 225-234.)[2] School districts may impose "school impact fees" upon developers according to statutory formulas contained in sections 65995-65995.7. The general formula for the fees is set forth in section 65995 at "Level I." If certain conditions are met, an increase in the fees is authorized in section 65995.5 to "Level II." A further increase in the fees to "Level III" is authorized in section 65995.7 if additional circumstances are present.
The question presented for resolution concerns one of the requirements for increasing the fees from Level II to Level III. When does the condition of "state funds for new school facility construction are not available" (§ 65995.7, subd. (a)) become applicable so as to allow assessment of the Level III fees? We conclude that the requirement is met as defined in the governing statute rather than as defined in the regulations adopted by the State Allocation Board ("Board") in implementing the statute.
Subdivision (a) of section 65995.7 provides:
 "If state funds for new school facility construction are not available, the governing board of a school district that complies with Section 65995.5 may increase the alternative fee . . . by an amount. . . . For purposes of this section, state funds are not available if the State Allocation Board is no longer approving apportionments for new construction pursuant to Article 5 (commencing with Section 17072.20 of Chapter 12.5 of Part 10 of the Education Code due to a lack of funds available for new construction. Upon making a determination that state funds are no longer available, the State Allocation Board shall notify the Secretary of the Senate and the Chief Clerk of the Assembly, in writing, of that determination and the date when state funds are no longer available for publication in the respective journal of each house."
The Level III fees may be imposed by qualifying school districts when the Board notifies the Secretary of the Senate and the Chief Clerk of the Assembly that "state funds for new school facility construction are not available." The statute itself defines when this requirement is met: "For purposes of this section, state funds are not available if the State Allocation Board is no longer approving apportionments for new construction pursuant to [Education Code sections17072.20-17072.35] due to a lack of funds available for new construction."
Under the authorizing provisions of Education Code sections17072.20- 17072.35, school districts submit applications to the Board for school construction funding, the Board ranks the applications according to criteria set forth in its implementing regulations, the Board apportions the funds, and the money is released to the districts. Education Code section 17072.30 states:
 "Subject to the availability of funds, and to the determination of priority pursuant to Section 17072.25, the board shall apportion funds to an eligible school district only upon the approval of the project by the Department of General Services pursuant to the Field Act, as defined in Section 17281, and certification by the school district that the required 50 percent matching funds from local sources have been expended by the district for the project, or have been deposited in the county fund, or will be expended by the district by the time the project is completed, in an amount at least equal to the proposed apportionment pursuant to this chapter, prior to release of the state funds."
The Board has construed its notification responsibilities under section65995.7 by adopting Regulation 1859.91, subdivision (c) (Cal. Code Regs., tit. 2, § 2:1859.91, subd. (c))[3] as follows:
 "The Board shall declare that State funds are not available for new facility construction when the New Construction Grants requests Ready for Apportionment exceed the funds available for that purpose. This declaration shall serve as the mechanism for the Board to make the appropriate notifications as required, pursuant to Government Code Section 65995.7(a)."[4]
We are informed that at the Board's meeting on July 25, 2001, the Office of Public School Construction reported that state funds of $951.8 million remained available for apportionment, while $1.179 billion of unfunded new construction grant requests were on the approved but unfunded list. We are also informed that, as a result of the establishment of allotments of funds to be apportioned on a quarterly basis, the Board will continue to make apportionments with available funds until at least June 26, 2002.
Under these circumstances, the requirements of Regulation 1859.91 conflict with the requirements of section 65995. The former mandates the Board to notify the Secretary of the Senate and the Chief Clerk of the Assembly that state funds are "not available" when grant requests ready for apportionment exceed the amount of remaining available state funds. The latter mandates notification only when the "Board is no longer approving apportionments for new construction," which it is conceded here will not be until at least June 26, 2002. State funds currently are available for apportionment.
The establishment of allotments to be apportioned to the districts on a quarterly basis by the Board (Reg. 1859.91, subd. (b)) does not cause the state funds to be "unavailable" for purposes of section 65995.7 or reserve the funds for particular projects. Only apportionment, not the establishment of allotments, causes the funds to be reserved for individual school districts. (See Ed. Code, § 17070.15, subd. (a).)
The rules governing our analysis of the question presented are clear. "Where a statute empowers an administrative agency to adopt regulations, such regulations `must be consistent, not in conflict with the statute, and reasonably necessary to effectuate its purpose.' [Citations.]" (Woods v. Superior Court (1981) 28 Cal.3d 668, 679; see §11342.2; Association for Retarded Citizens v. Department of Developmental Services (1985) 38 Cal.3d 384, 381; Ontario Community Foundations, Inc. v. State Bd. of Equalization (1984) 35 Cal.3d 811,816; Gregory v. State Bd. of Control (1999) 73 Cal.App.4th 584, 594.) "Administrative regulations that alter or amend the statute or enlarge or impair its scope are void and courts not only may, but it is their obligation to strike down such regulations. [Citations.]" (Morris v. Williams (1967) 67 Cal.2d 733, 748.)
Regulation 1859.91 is void to the extent it is in conflict with the directive of section 65995.7. As long as state funds are available and the Board is approving apportionments, school districts may not increase their school impact fees from Level II to Level III.
We conclude that the Board is not authorized to notify the Secretary of the Senate and the Chief Clerk of the Assembly when new construction grant requests from school districts that are ready for apportionment exceed the state funds available for new school construction as long as the Board continues to approve apportionments.
 * * * * *
[1] All references hereafter to the Government Code are by section number only.
[2] Education Code sections 17620-17626 also authorize the imposition of school construction fees subject to the same limitations to be discussed hereafter.
[3] All references hereafter to title 2 of the California Code of Regulations are by regulation number only.
[4] The term "Ready for Apportionment" is defined to mean "a final review of an Approved Application has been completed by the [Office of Public School Construction] and it has been determined that it meets all requirements of law for an apportionment or eligibility determination, and the [Office of Public School Construction] will recommend approval to the Board." (Reg. 1859.2.)