Filed 10/19/20

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| LUCINDA MALOTT, as Successor Trustee, etc., <br><br>    Plaintiff and Appellant, <br><br> v. <br><br> SUMMERLAND SANITARY DISTRICT, <br><br>    Defendant and Respondent. | 2d Civ. No. B298730 <br> (Super. Ct. No. 18CV01923) <br> (Santa Barbara County) |

Article XIIID, section 6 of the California Constitution memorializes Proposition 218 limiting assessments and property-related fees governmental agencies may impose. After a public hearing, a sanitary district imposed wastewater disposal fees. Plaintiff did not attend the hearing but filed an administrative mandamus petition to challenge the fees under Proposition 218. The trial court dismissed the petition because plaintiff did not exhaust her administrative remedies.

Plaintiff should have been given leave to rename her petition, which was, in essence, a complaint for declaratory relief. Plaintiff may proceed in her action against the sanitary district to

allege that rates charged residential customers are disproportionate and unlawful.

Lucinda Malott is successor trustee of the Carol Nantker Family Trust. She appeals a judgment denying her petition for a writ of administrative mandamus (Code Civ. Proc., § 1094.5) against the Summerland Sanitary District (District).[1] She claims the District imposed an excessive wastewater service charge for her property "without regard to . . . the proportional cost of providing Wastewater Service" for her parcel in violation of the California Constitution.

We conclude, among other things, that the trial court erred by preventing Malott from presenting evidence from an expert to support her claims. The court reasoned that the expert's evidence was inadmissible as "improper extra-record evidence" under the administrative remedy exhaustion doctrine because it had not first been presented at a District public hearing on a rate increase. We reverse and remand for further proceedings.

*FACTS*

Malott owns a 30-unit apartment building within the District. The District provides wastewater collection, treatment and disposal services for commercial and residential property in the service area and charges service rates for its customers.

In 2017, the District distributed a notice of public hearing to property owners for a service rate increase. At a public hearing in February 2018, the District board approved an ordinance which, among other things, authorized a 3.5 percent annual rate increase. Malott did not attend that hearing nor file a written protest for that hearing.

---

[1] All statutory references are to the Code of Civil Procedure.

2

On April 17, 2018, Malott filed a petition for a writ of administrative mandamus (§ 1094.5) against the District. She alleged she was excused from exhausting the administrative remedy of the public hearing because it was an inadequate remedy.

Malott alleged the District uses a classification for service rate fees "for all residential parcels" that are "based upon a Schedule of Equivalent Dwelling Units" (EDU's). She claimed, "The District's Schedule of EDU's arbitrarily assigns EDU values to parcels within the District's boundaries without regard to: (1) actual wastewater discharged from the Parcel; nor (2) the proportional cost of providing Wastewater Service to that parcel." She claimed the District's conduct of calculating rates "based solely on EDU's without regard to the proportional cost of the service attributable to a parcel" violates article XIIID, section 6, subdivision (b)(3) of the California Constitution.

In September 2018, Malott filed a notice of motion and motion for judgment on a writ of administrative mandamus. Included in the motion, among other things, was a declaration of Lynn Takaichi, an expert on utility and wastewater service rates. Takaichi's declaration included facts and an assessment that: 1) the District's calculation of fees did not comply with current law; 2) the District improperly placed all residential users, whether single family homes or residents in multi-unit apartment buildings, within a single rate EDU category; 3) apartment buildings containing multiple units use 40 percent lower amounts of water than the actual water use of single family homes; and 4) the District was overcharging apartment buildings, such as Malott's, and undercharging single-family residences.

3

The District filed a motion to strike Takaichi's declaration because it had not been filed at the public hearing.

The trial court granted the motion to strike, finding the declaration was "improper extra-record evidence." The court subsequently denied the petition. It ruled the District's single "uniform per-EDU rate for residential customers" was valid.[2]

## DISCUSSION

### The Administrative Remedy Exhaustion Doctrine

Under section 1094.5, " '[t]he general rule is that a hearing on a writ of administrative mandamus is conducted solely on the record of the proceeding before the administrative agency.' " (*Cooper v. Kizer* (1991) 230 Cal.App.3d 1291, 1300.) It is normally " ' "error for the court to permit the record to be augmented, in the absence of a proper preliminary foundation . . . showing . . . one of [the] exceptions [to this rule]." ' " (*Ibid.*) " ' "Public policy requires a litigant to produce all existing evidence on his behalf at the administrative hearing . . . ." ' " (*Ibid.*)

The District contends the administrative exhaustion doctrine applies here. Because Malott did not attend the public hearing on the rate increase or present evidence there, Takaichi's declaration was properly stricken.

The District's administrative exhaustion argument generally applies in a typical administrative hearing before a public agency. Malott claims the public hearing in question here is not one that would provide her with an adequate forum to decide claims concerning the underlying rate structure.

---

[2] We grant Malott's request for judicial notice of official records of the District.

4

In *Plantier v. Ramona Municipal Water Dist.* (2019) 7 Cal.5th 372, 376, our Supreme Court stated, "Before a local governmental agency may impose or increase certain property related fees and charges, it must notify affected property owners and hold a public hearing." This hearing requirement "arises from article XIIID, section 6 of the California Constitution, which was added in 1996 by Proposition 218." (*Ibid.*, fn. omitted.) Under Proposition 218, the amount of a governmental imposed fee "*shall not exceed the proportional cost of the service attributable to the parcel.*" (*Plantier*, at p. 382.)

In *Plantier*, the plaintiffs alleged the method selected by the water district "does not properly allocate costs among parcels served." (*Plantier v. Ramona Municipal Water Dist.*, *supra*, 7 Cal.5th at p. 382.) None of the plaintiffs "participated in the Proposition 218 rate increase hearings by either submitting a written protest or speaking at a hearing." (*Id.* at p. 379.) The water district sought to bar their action for not first exhausting their administrative remedies.

In *Plantier*, our Supreme Court asked and answered this question, "When an agency considers increasing a property-related fee, must a fee payor challenging the *method* of fee allocation first exhaust 'administrative remedies' by participating in a Proposition 218 hearing that addresses only a proposed *rate* increase? The answer is no." (*Plantier v. Ramona Municipal Water Dist.*, *supra*, 7 Cal.5th at p. 376.) "Even if a Proposition 218 hearing could be considered an administrative remedy, it would not provide an adequate remedy for a challenge to the method used to allocate the fee burden in this case." (*Ibid.*) "[A] Proposition 218 rate increase hearing is not a forum to protest an existing rate structure . . . ." (*Id.* at p. 387.)

5

*Does Plantier Apply to Section 1094.5*
*Administrative Mandamus Cases?*

The District contends *Plantier* involved a declaratory relief action, but this case is distinguishable because it was filed as an administrative mandamus petition. It argues the administrative remedy exhaustion doctrine that did not apply in *Plantier* still applies here as a matter of law.

But Malott's election to file a section 1094.5 administrative mandamus petition, instead of a declaratory relief action, does not prevent Malott from challenging the District's residential rate structure. Here the adage concerning a rose or a duck is apt.

The amicus claims most Proposition 218 utility rate challenge cases are filed as declaratory relief actions. But Proposition 218 did not specify a particular type of action to challenge a utility rate. Its goal was not to restrict challenges, but rather to liberally facilitate them. "Proposition 218 specifically states that '[t]he provisions of this act *shall be liberally construed to effectuate* its purposes of limiting local government revenue and enhancing taxpayer consent.'" (*Silicon Valley Taxpayers' Assn., Inc. v. Santa Clara County Open Space Authority* (2008) 44 Cal.4th 431, 448, italics added.)

Parties challenging governmental actions often do so using a variety of causes of action, including mandamus, injunctive relief, or declaratory relief. (*Woods v. Superior Court* (1981) 28 Cal.3d 668, 672-674; *North Pacifica LLC v. California Coastal Com.* (2008) 166 Cal.App.4th 1416, 1428.) There are also two types of mandamus actions used to challenge governmental actions – traditional mandamus and administrative mandamus. (§§ 1085, 1094.5.) In certain cases, both may apply. (*Woods*, at pp. 672-674.)

6

The amicus argues that 1) "[t]he only basis for limiting this case to an 'administrative record' seems to be that Malott's complaint was mistakenly styled as one for administrative mandamus," and 2) this "formality doesn't change the fact that the trial court's finding violated *Plantier* in both spirit and letter." We agree.

Had Malott filed this case as a declaratory relief action, it would essentially be a *Plantier* duplicate. Moreover, the distinction between declaratory relief and mandamus is not always clear and distinct. Either cause of action may be appropriate in certain cases.

Where the allegations of the mandamus petition are sufficient, declaratory relief may be awarded in a mandamus action. (*California Advocates for Nursing Home Reform v. Smith* (2019) 38 Cal.App.5th 838, 904 [a "request for declaratory relief, which is another form of relief that may be issued in a mandamus proceeding"]; *Colony Cove Properties, LLC v. City of Carson* (2010) 187 Cal.App.4th 1487, 1495, fn. 6; *Gong v. City of Fremont* (1967) 250 Cal.App.2d 568, 574; see also *Graffiti Protective Coatings, Inc. v. City of Pico Rivera* (2010) 181 Cal.App.4th 1207, 1215 [mandamus combined with a request for declaratory relief are "appropriate means" to challenge a city's compliance with competitive bidding requirements].)

Where a party mistakenly files a section 1094.5 petition, instead of traditional mandamus (§ 1085) or declaratory relief causes of action, relief will not be denied where the allegations of the section 1094.5 petition are sufficient to support the other two causes of action. (*Woods v. Superior Court*, *supra*, 28 Cal.3d at pp. 672-674.)

7

The request for relief on this petition asks for a ruling that the District's method of calculating residential rates is invalid. This is the type of request for relief that would be appropriate in a declaratory relief action. A pleading should be judged by the substance of its allegations rather than its label. (*Jaffe v. Carroll* (1973) 35 Cal.App.3d 53, 57.) " 'It is an elementary principle of modern pleading that the nature and character of a pleading is to be determined from its allegations, regardless of what it may be called . . . .' " (*Ibid.*) Malott's pleading and the one in *Plantier* share the same basic underlying claim notwithstanding that one is called declaratory relief and the other mandamus.

*Plantier* held a party is not required to exhaust an inadequate administrative remedy. This proposition of law applies to any cause of action. The public hearing that was ruled to be inadequate in *Plantier* is also the same type of public hearing in this case. The *Plantier* plaintiffs were not barred from litigating their challenge to the rate calculation method notwithstanding their nonappearance at the public hearing. This also applies to Malott. (*City of Oakland v. Oakland Police & Fire Retirement System* (2014) 224 Cal.App.4th 210, 236 ["exhaustion of administrative remedies is not required where the available remedy is inadequate"].)

The District's position that the extra-record exclusion doctrine must apply because this is a section 1094.5 proceeding would lead to an injustice because of the inadequate nature of the administrative remedy. To confine administrative mandamus petitioners to the administrative record of *inadequate* administrative proceedings improperly elevates an exclusionary rule over their right to have a forum to litigate their claims in their mandamus actions. (*Ogo Associates v. City of Torrance*

8

(1974) 37 Cal.App.3d 830, 834-835.) It gives improper deference to what could be a deficient administrative proceeding while undermining the court's authority as the trier of fact.

Moreover, Malott's mandamus petition alleged adequate grounds to excuse her failure to exhaust the administrative remedy of the public hearing. Malott claimed she had no adequate forum at the public hearing to resolve the evidentiary issues involved in a challenge to the rate structure. Those grounds have been confirmed and fortified by the *Plantier* decision.

But even in cases where there is an adequate administrative remedy, where relevant and otherwise admissible evidence could not be produced there, the administrative mandamus statute provides a procedure to introduce it in the mandamus proceeding. (§ 1094.5, subd. (e); *Rabago v. Unemployment Ins. Appeals Board* (1978) 84 Cal.App.3d 200, 213.) "Evidence in support of a petition for a writ of mandate can be produced by affidavit." (*Hand v. Board of Examiners* (1977) 66 Cal.App.3d 605, 615.)

Here the trial court recognized its authority to admit declarations. It admitted Malott's declaration where she stated facts about her property, even though it had not been presented at the public hearing. But it excluded Takaichi's declaration because it had not been presented at the public hearing. The court, however, recognized the relevance of the facts in that declaration to Malott's action. It said, "Had Malott provided such evidence as part of the public hearing, then a *reasonable argument could be made that the District would fail in its burden to show proportionality . . . .*" (Italics added.)

9

*Exclusion of Relevant and Admissible Evidence*

The trial court erred by striking Takaichi's declaration. It was relevant evidence challenging the method the District used to calculate residential service rates. Malott had a right to make that challenge even though she did not attend the public hearing. (*Plantier v. Ramona Municipal Water Dist.*, *supra*, 7 Cal.5th at p. 388.) If believed by a trier of fact, the evidence contained in Takaichi's declaration or by expert testimony could provide highly relevant evidence supporting a challenge to the District's method of service fee allocation involving single-family homes and multi-unit apartments, such as Malott's. Both parties should be able to present declarations or expert testimony on this issue on remand.

Takaichi declared, "I am President of and own Water Consultancy, Inc., a consulting engineering company. Our scope of services includes utility rate studies and financial evaluations for sanitary districts to ensure compliance with Article XIIID, Section 6(b)(3) of the California Constitution, which requires that a fee must not exceed the proportional cost of service attributable to the parcel."

Takaichi said the District used a flawed system of determining and allocating costs for residential users. All residential users, whether single family or multi-unit apartments, are placed "in one customer class" with a flat unit rate. But charging the same rate for all residential customers causes significant disparities unrelated to the actual use of these services by the two types of residences. "[M]ulti-family customers have significantly lower flow rates than single-family customers." A 2018 Water Research Foundation report shows "the annual average daily water use per dwelling unit of multi-family units

*[was] approximately 40 percent lower* than the water use of single-family units." (Italics added.) The District "utilizes 20 commercial customer classes to ensure the fee imposed does not exceed the proportional cost of service for these customers. The same cannot be said for residential customers." Unlike the District, other nearby wastewater utilities have "multiple residential customer classes," including Montecito and Goleta, and the city of Santa Barbara. A trier of fact accepting Takaichi's claims could reasonably find rate payers in apartment units are being substantially overcharged by the District, while rate payers in single-family homes are being substantially undercharged.

*The Single Residential Rate Issue*

The District contends the single residential rate complied with Proposition 218. Malott contends it violates Proposition 218.

But it is premature for us to decide this issue because Malott did not have an opportunity to present her expert evidence. The necessary foundation facts must first be decided by the trial court after all parties have had a fair opportunity to present their evidence.

## DISPOSITION

The judgment is reversed. The case is remanded to the trial court so that Malott may present evidence to support her contentions. Costs on appeal are awarded to appellant.

<u>CERTIFIED FOR PUBLICATION.</u>

GILBERT, P. J.

We concur:

YEGAN, J.        TANGEMAN, J.

11

Colleen K. Sterne, Judge

Superior Court County of Santa Barbara

_____


The Law Office of Herb Fox and Herb Fox for Plaintiff and Appellant.

Jonathan M. Coupal, Timothy A. Bittle, and Laura E. Dougherty for Howard Jarvis Taxpayers Association as Amicus Curiae on behalf of Plaintiff and Appellant.

Musick, Peeler & Garrett, Gregory J. Patterson, William H. Hair and Cheryl A. Orr for Defendant and Respondent.