Filed 6/2/14 Unmodified opinion attached

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| K. I., a Minor, etc.,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>JOHN A. WAGNER, as Director, etc.,<br><br>    Defendant and Respondent. | D063822<br><br><br>(Super. Ct. No. 37-2010-00102184-CU-WM-CTL)<br><br>ORDER MODIFYING OPINION<br>[**NO CHANGE IN JUDGMENT**] |

THE COURT:

It is ordered that the opinion filed on May 2, 2014 be modified as follows:

On page 3, the second sentence of the third paragraph is modified to read: "An administrative hearing was held." The remaining portion of the sentence is deleted.

**There is no change in judgment.**

HALLER, Acting P. J.

Copies to: All parties

Filed 5/2/14 Unmodified opinion

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| K. I., a Minor, etc.<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>JOHN A. WAGNER, as Director, etc.<br><br>    Defendant and Respondent. | D063822<br><br><br><br>(Super. Ct. No. 37-2010-00102184-<br> CU-WM-CTL) |

APPEAL from an order of the Superior Court of San Diego County, Joel M. Pressman, Judge. Affirmed.

Charles Wolfinger for Plaintiff and Appellant.

Kamala D. Harris, Attorney General, Julie Weng-Gutierrez, Assistant Attorney General, Leslie P. McElroy and Ernest Martinez, Deputy Attorneys General, for Defendant and Respondent.

An individual who is denied state or local social services may challenge the denial through an administrative hearing process administered by the state Director of Social Services (Director). If the party receives an unfavorable administrative decision, the exclusive remedy is a petition for writ of mandate in the superior court. (Welf. & Inst.

Code,[1] § 10962.) Section 10962 governs this judicial review process and provides: "The applicant or recipient shall be entitled to reasonable attorney's fees and costs, if he obtains a decision in his favor."

In this case, a county social services recipient was unsuccessful in the administrative hearing process, but prevailed in the superior court writ of mandate action. The recipient then moved for attorney fees incurred for attorney services in the superior court and in the underlying administrative proceedings. The Director agreed to pay the fees incurred for attorney services in the superior court, but not the fees incurred for work during the administrative proceedings. The Director argued the recovery of the administrative attorney fees was not authorized under section 10962. The superior court agreed and awarded only those fees incurred for work related to the writ of mandate petition.

The sole issue in this appeal is whether the court erred in concluding that as a matter of law it had no discretion under section 10962 to award attorney fees incurred for services performed in the underlying administrative proceedings. We hold the court properly interpreted section 10962. Applying well-settled statutory interpretation principles, we determine section 10962 permits a party to recover reasonable attorney fees incurred in the writ of mandate proceeding, but not fees incurred in the administrative hearing process.

---

[1]     All undesignated statutory references are to the Welfare and Institutions Code.

FACTUAL AND PROCEDURAL SUMMARY

This appeal arose from minor K's entitlement to certain In-Home Supportive Services (IHSS) under California law. The IHSS program "enables aged, blind or disabled poor to avoid institutionalization by remaining in their homes with proper supportive services. . . ." (*Bedoe v. County of San Diego* (2013) 215 Cal.App.4th 56, 58-59; see § 12300 et seq.) "The program compensates persons who provide the services to a qualifying incapacitated person." (*Guerrero v. Superior Court* (2013) 213 Cal.App.4th 912, 920.) Generally, an eligible person is entitled to IHSS services not to exceed 195 hours per month. (§ 12303.4, subd. (a).) However, if the county welfare department determines the person needs "at least 20 hours per week" of specified care, the individual shall receive services not to exceed 283 hours per month. (§ 12303.4, subd. (b).) The determination whether the individual is entitled to the higher benefit level requires a factually intensive evaluation of the assistance needed for numerous specified daily living tasks.

In 2006, the County of San Diego (County) found that eight-year-old K, who was diagnosed with autism and a seizure disorder, was eligible to receive IHSS services for up to 195 hours per month. During the next several years, the County continued to find K eligible for the 195 monthly hours of paid in-home supportive services.

In 2009, K's mother (on her son's behalf) challenged the 195-hour limit, and sought to receive services under the 283-hour standard. An administrative hearing was held, at which neither K nor K's mother was represented by counsel. K's mother speaks

Japanese, and can read and write English but has difficulty speaking and understanding spoken English. After the hearing, the Director denied the request.

K's mother then retained attorney Charles Wolfinger to challenge the Director's 2009 denial. Wolfinger agreed to represent the family on a pro bono basis because K's parents could not afford an attorney, and agreed to seek fee reimbursement only from the Director. While the administrative record was being prepared, Wolfinger filed a writ petition in the superior court to set aside the 2009 denial. However, after reviewing the completed administrative record, Wolfinger determined the record lacked sufficient documentary information to ensure success in the writ proceeding. He thus withdrew this writ petition and agreed to provide pro bono representation to K at a 2010 administrative hearing in which he planned to provide a more complete record.

At the 2010 hearing, Wolfinger submitted numerous documentary exhibits and an 18-page memorandum in an effort to show K's disabilities warranted the higher benefit level. Wolfinger also raised a legal issue regarding the propriety of the Director imposing blanket age limitations for meal preparation and meal cleanup. In July 2010, the Director denied K's claim, and provided a lengthy explanation.

Three months later, in October 2010, K, through his mother as guardian ad litem, filed a writ of mandate petition in the superior court challenging the Director's July 2010 decision. (§ 10962.) K was represented by Wolfinger. Wolfinger filed a memorandum of points and authorities supporting K's claim that the Director had improperly denied the higher benefit level for in-home supportive services.

4

The Director filed an answer denying the allegations, but did not file a responsive memorandum of points and authorities. Instead, several months later, the Director and K entered into a stipulated judgment granting K's petition and issuing a writ of mandate. Under the stipulation, the Director agreed to set aside the July 2010 decision and find K eligible to receive up to 283 hours of IHSS monthly services and pay provider back wages. This stipulation was based on the parties' agreement that K had an "assessed weekly need of 20.87 hours for the IHSS services of meal preparation, meal clean-up, bowel and bladder care, feeding, dressing, bathing, . . . oral hygiene and grooming, rubbing skin and care with prosthesis (taking medications) . . . ." In the stipulation, the parties also agreed "Petitioner's counsel Charles Wolfinger is entitled to reasonable attorney fees and costs, the amount to be mutually agreed on or determined after a noticed motion and memorandum of costs . . . ."

Wolfinger then documented his attorney fees as follows: $17,582 (54.1 hours x $325) for work performed in connection with the superior court writ petition and $21,320 (65.6 hours x $325) for work performed in connection with the 2010 administrative hearing. The Director agreed to pay the full requested fees for the work related to the writ petition ($17,582), but refused to pay the fees for the work related to the administrative hearing ($21,320). The Director argued that section 10962 precludes a court from awarding fees for work at the administrative hearing.

K then filed a motion under section 10962, requesting the court to order the Director to pay Wolfinger's total requested fees. Because the Director had agreed to pay the $17,582 fee amount, the sole focus of the motion was Wolfinger's argument that

5

section 10962 provides a court with the authority to award attorney fees for services related to the administrative hearing. In a declaration, Wolfinger said that because he "had prepared the entire administrative record on the issues and briefed some of them for the hearing, I spent considerably less time on the merits of the writ petition than I would have, had I not represented [K] at the [administrative] hearing."

In response, the Director reasserted his arguments that "attorney's fees awarded under [section 10962] are limited to attorney's fees for work performed in connection with mandamus proceedings" and "[t]here is nothing in the statute which authorizes the payment of attorney's fees for work performed in connection with the underlying administrative hearing."

In reply, Wolfinger discussed the "lodestar" concept for the first time, but did not request an upward adjustment of his fees and argued only that he should be awarded his requested fees based on the actual amount of time worked both on the administrative hearing and the writ petition portions of the case. Wolfinger also requested that the court award him fees incurred to litigate the attorney fees motion.

In its tentative ruling, the court agreed with the Director that the administrative attorney fees were not recoverable under "the plain meaning" of section 10962. After a hearing, the court confirmed this ruling and stated: "Petitioner's motion is granted for attorney's fees requested for work on the litigation in the amount of $17,582 and denied for attorney's fees requested for work on the administrative hearing and for work on this fee motion."

6

K contends the trial court erred in interpreting section 10962 as precluding an attorney fees award for services provided during the underlying administrative proceeding.

## I. *Statutory Interpretation*

"The rules governing statutory construction are well settled.  We begin with the fundamental premise that the objective of statutory interpretation is to ascertain and effectuate legislative intent.  [Citations.]  'In determining intent, we look first to the language of the statute, giving effect to its "plain meaning." '  [Citations.]  Although we may properly rely on extrinsic aids, we should first turn to the words of the statute to determine the intent of the Legislature.  [Citation.]  Where the words of the statute are clear, we may not add to or alter them to accomplish a purpose that does not appear on the face of the statute or from its legislative history."  (*Burden v. Snowden* (1992) 2 Cal.4th 556, 562.)

If the statute is unclear or ambiguous, we may " 'look to a variety of extrinsic aids, including the ostensible objects to be achieved, the evils to be remedied, the legislative history, public policy, contemporaneous administrative construction, and the statutory scheme of which the statute is a part.' [Citations.]"  (*In re M.M.* (2012) 54 Cal.4th 530, 536.)  We consider all of the statutory provisions as a whole and in context of the entire statutory framework.  (*Los Angeles Unified School Dist. v. Garcia* (2013) 58 Cal.4th 175, 186.)  We must also consider and harmonize statutes that cover the same subject.  (*Ibid.*)

The proper interpretation of a statute is a matter of law which this court reviews de novo.  (*Burden v. Snowden, supra*, 2 Cal.4th at p. 562.)

II.  *General Overview of the Fair-Hearing Process and Judicial Review*

An IHSS applicant or recipient (claimant) is entitled to an administrative "fair hearing" to challenge the denial of requested benefits.  (*Miller v. Woods* (1983) 148 Cal.App.3d 862, 868; § 10950.)  Before the hearing, a county representative who was not involved in the initial decision must review the record to ensure the denial was proper, and then provide the recipient with "all information which can be of assistance to the claimant in preparing for the hearing."  (Cal. Dept. of Social Services Manual of Policies and Procedures (DSS Manual), reg. 22-073.232(c).)  The representative must also timely provide the claimant with a typewritten position statement, and must inform the claimant of the availability of any free legal representation and interpreter services.  (DSS Manual, regs. 22-073.232(c), 22-073.25.)

An administrative law judge employed or retained by the California Department of Social Services presides over the hearing.  (§§ 10953, 10953.5.)  "The hearing shall be conducted in an impartial and informal manner in order to encourage free and open discussion by participants.  All testimony shall be submitted under oath or affirmation. The person conducting the hearing shall not be bound by rules of procedure or evidence applicable in judicial proceedings."  (§ 10955.)  The claimant has a right to be represented at this hearing by a retained counsel or a "lay representative[ ]."  (*Welfare Rights Organization v. Crisan* (1983) 33 Cal.3d 766, 770 (*Crisan*); see § 10950.)  Social service claimants are entitled to due process in the administrative process, but this due

8

process right does not encompass the right to appointed counsel. (*Crisan, supra*, 33 Cal.3d at p. 769; see *Goldberg v. Kelly* (1970) 397 U.S. 254, 268-270.)

If a claimant does not prevail in the administrative process and seeks to challenge the decision, the exclusive remedy is to file a writ of mandate petition in the superior court under section 10962. Section 10962 states:

> "The applicant or recipient or the affected county, within one year after receiving notice of the director's final decision, may file a petition with the superior court, under the provisions of Section 1094.5 of the Code of Civil Procedure, praying for a review of the entire proceedings in the matter, upon questions of law involved in the case. Such review, if granted, shall be the exclusive remedy available to the applicant or recipient or county for review of the director's decision. The director shall be the sole respondent in such proceedings. Immediately upon being served the director shall serve a copy of the petition on the other party entitled to judicial review and such party shall have the right to intervene in the proceedings.
>
> "No filing fee shall be required for the filing of a petition pursuant to this section. Any such petition to the superior court shall be entitled to a preference in setting a date for hearing on the petition. No bond shall be required in the case of any petition for review, nor in any appeal therefrom. The applicant or recipient shall be entitled to reasonable attorney's fees and costs, if he obtains a decision in his favor."

### III. *Analysis*

The issue on appeal is whether the court properly found K was not entitled to attorney fees incurred for services in connection with the underlying social services administrative hearing.

Under California law, "each party to a lawsuit must pay its own attorney fees unless a contract or statute or other law authorizes a fee award." (*Douglas E. Barnhart, Inc. v. CMC Fabricators, Inc.* (2012) 211 Cal.App.4th 230, 237; see Code Civ. Proc.,

9

§ 1021.)  Thus, unless specifically provided by statute or agreement, attorney fees are not recoverable.  (*Musaelian v. Adams* (2009) 45 Cal.4th 512, 516.)  If a party seeking attorney fees is relying on a statutory authorization, a court has no discretion to award the fees unless the statutory criteria have been met as a matter of law.  (*Morgan v. Imperial Irrigation Dist.* (2014) 223 Cal.App.4th 892, 929.)

To show entitlement to attorney fees, K relies on the last sentence of section 10962:  "The applicant or recipient shall be entitled to reasonable attorney's fees and costs, if he obtains a decision in his favor."  Both parties agree that a social services claimant is entitled to attorney fees under this provision only if he or she prevails in the judicial action.  In other words, without filing a petition for writ of mandate challenging an administrative decision and prevailing on that petition, it is undisputed that an applicant or recipient is not entitled to any attorney fees—even if he or she prevailed in the administrative proceedings below.  However, the parties disagree as to whether a party who files a writ petition and then "obtains a decision in his favor" in the writ proceeding is entitled to recover attorney fees incurred during the administrative proceeding.  (§ 10962.)

In the almost 50 years since the Legislature enacted section 10962, no court has addressed this precise issue in a reported decision.  However, it appears that at least some courts and/or litigants have assumed administrative-hearing attorney fees are not recoverable.  There are no cases in which a reviewing court has identified counsel's work in the administrative hearing process as included within the recoverable attorney fees

10

solely under section 10962.[2] On the other hand, several courts have identified fees

incurred in the superior and appellate courts as the fees recoverable under section 10962.

(See, e.g., *Blackburn v. Sarsfield* (1981) 125 Cal.App.3d 143, 154; *County of Alameda v.

Lackner* (1978) 79 Cal.App.3d 274, 283; see also *Silberman v. Swoap* (1975) 50

Cal.App.3d 568, 570-571.)

This assumption is supported by the language and purpose of the statute. The

statute is entitled "Judicial review." (§ 10962.) The first paragraph details the procedures

to be followed in obtaining review of the Director's final decision and states that a writ

petition under Code of Civil Procedure section 1094.5 is the exclusive remedy for

obtaining review. (§ 10962.) The second paragraph provides for a waiver of filing fees

and bonds, calendar preference, and prevailing party attorney fees to an applicant or

recipient "if he obtains a decision in his favor." (*Ibid*.) These provisions are limited to

the procedures to be followed in the judicial mandamus proceeding. It thus follows that

the Legislature intended the final sentence providing for prevailing party attorney fees

would likewise be limited to fees incurred in the mandamus proceedings.

The legislative purpose of the statute supports this conclusion. As recognized by

the California Supreme Court, the Legislature enacted section 10962 to ensure access *to

the courts* for individuals who are unlikely to have available resources to mount a *judicial*

---

[2]     The only case suggesting an attorney fees award for work on an administrative
challenge to a social services benefit decision was grounded on section 10962 *and* Code
of Civil Procedure section 1021.5. (See *Land v. Anderson* (1997) 55 Cal.App.4th 69, 84.)
As discussed below, the courts have construed the language and policies underlying Code
of Civil Procedure section 1021.5 to affirmatively permit a fee award for work in an
underlying administrative proceeding under certain circumstances.

11

*challenge*: "We have previously described the purpose of section 10962 as ensuring that aggrieved parties have access *to the judicial system* to establish their statutory rights. The statutory elimination of filing fees and bond requirements, the preference in setting hearing dates, and the authorization of attorney's fees and costs encourage such access." (*Woods v. Superior Court of Butte County* (1981) 28 Cal.3d 668, 681, italics added; see *Tripp v. Swoap* (1976) 17 Cal.3d 671, 679, overruled on another ground in *Frink v. Prod* (1982) 31 Cal.3d 166, 180.) Forty years ago, this court similarly observed that "the attorney fees provided for [in section 10962] are to permit a claimant to establish his right to a statutory benefit that by its character is obtainable only by a needy person whose financial condition does not leave a margin for such occasional necessities as attorney fees. Yet the preparation of a petition for writ of mandate and the proceedings incidental thereto are matters outside the field of ordinary experience among lay[persons]." (*Trout v. Carleson* (1974) 37 Cal.App.3d 337, 343; see also *Silberman v. Swoap, supra*, 50 Cal.App.3d at p. 571.)

Unlike the legislative view regarding the importance of legal representation at judicial proceedings, the Legislature recognized that claimants at administrative hearings could represent themselves or have a layperson act as their authorized representative. (§ 10950; see *Crisan, supra*, 33 Cal.3d at p. 770.) Consistent with this, the Legislature provided that the administrative hearings would be "informal" and would not be subject to inflexible procedural or evidentiary rules, and would be conducted by a hearing officer generally knowledgeable about the detailed social services rules and regulations. (See §§ 10955, 10953, 10958.) The state agency rules also provide a claimant with the right to

12

substantial assistance in understanding the basis for the denial of requested benefits. (See DSS Manual, *supra*, reg. 22-073.) Given the legislative distinction between the rules governing the administrative process that seek to assist unrepresented claimants in presenting their claims and the rules governing the writ of mandate judicial process that seek to encourage legal representation for meritorious claims, we cannot conclude the Legislature intended that attorney fees would be awarded similarly for work in both the trial and administrative context.

Our conclusion is further supported when examining the statutory language in the broader context of judicial interpretations of other attorney fees statutes. Section 10962 is silent regarding the recovery of attorney fees in administrative proceedings. Courts do not generally presume that the statutory phrase "reasonable attorney fees" includes fees incurred at an administrative hearing. This is distinguishable from attorney fees incurred on appeal. As a general rule, a statute providing for prevailing party attorney fees "necessarily includes attorney fees incurred on appeal unless the statute specifically provides otherwise." (*Akins v. Enterprise Rent-A-Car Co.* (2000) 79 Cal.App.4th 1127, 1134; *Evans v. Unkow* (1995) 38 Cal.App.4th 1490, 1499-1500.) But there is no equivalent rule for fees incurred in an underlying administrative hearing. Instead, when the Legislature wants to permit the recovery of expenses or attorney fees for administrative hearings, it has done so explicitly. (See Code Civ. Proc., § 1028.5 [award for reasonable litigation expenses includes "expenses incurred in administrative proceedings"]; see also Bus. & Prof. Code, § 5107 [expressly provides that Board of Accountancy may recover attorney fees incurred in administrative disciplinary hearings];

13

Bus. & Prof. Code, § 3753.7 [same for Respiratory Care Board]; Gov. Code, § 38773.5, subd. (b) [cities may provide for recovery of attorney fees "in any action, administrative proceeding, or special proceeding" to abate a nuisance]; Gov. Code, § 25845, subd. (c) [same as for counties in actions to abate nuisances].)

In this regard, K's reliance on decisions interpreting the private attorney general statute is misplaced. (Code Civ. Proc., § 1021.5.) Under Code of Civil Procedure section 1021.5, the court may award attorney fees to a "successful party" in any "action" that "has resulted in the enforcement of an important right affecting the public interest" if the claimant establishes certain elements, including a significant benefit has been conferred on the public. (*Graham v. DaimlerChrysler Corp.* (2004) 34 Cal.4th 553, 565.) Although this code section does not specifically identify attorney fees incurred in an underlying administrative process, the courts have interpreted the statute to permit recovery of these fees if the plaintiff shows entitlement to the fees under the statutory criteria and establishes the administrative "activities were 'useful and necessary and directly contributed to the resolution of [the lawsuit].'" (*Ciani v. San Diego Trust & Savings Bank* (1994) 25 Cal.App.4th 563, 576; see *Edna Valley Watch v. County of San Luis Obispo* (2011) 197 Cal.App.4th 1312, 1317-1320 (*Edna Valley*); *Best v. California Apprenticeship Council* (1987) 193 Cal.App.3d 1448, 1455-1462 (*Best*); *Wallace v. Consumers Cooperative of Berkeley, Inc.* (1985) 170 Cal.App.3d 836, 846-849.)

Wolfinger argues that under this standard, his administrative hearing attorney fees are recoverable because K was *required* to exhaust this remedy before he could prevail in the judicial proceeding. Wolfinger asserts that this administrative exhaustion

14

requirement establishes as a matter of law that the fees were necessary and useful to obtaining a "decision in his favor" in the judicial action and thus recoverable under section 10962.

This argument is legally flawed. The judicial rule authorizing administrative hearing fee recovery under Code of Civil Procedure section 1021.5 is based on the particular statutory language and public policies of section 1021.5. As this court explained in *Best*, "the private attorney general doctrine embodied in California's section 1021.5 '. . . rests upon the recognition that privately initiated lawsuits are often essential to the effectuation of the fundamental public policies embodied in constitutional or statutory provisions, and that, without some mechanism authorizing the award of attorney fees, private actions to enforce such important public policies will as a practical matter frequently be infeasible.' [Citation.] Whether the private enforcement of public policies is achieved through an administrative and/or a judicial proceeding is irrelevant to the need to award attorney's fees to encourage the enforcement." (*Best, supra*, 193 Cal.App.3d at pp. 1459-1460.) In *Edna Valley*, the court similarly emphasized the strong public policies in favor of encouraging public interest litigation and ensuring compensation for attorneys who "successfully bring about the benefits of such policies to a broad class of citizens." (*Edna Valley, supra*, 197 Cal.App.4th at p. 1320.) The *Edna Valley* court concluded that "[u]nder the circumstances, to say that administrative proceedings are not part of the 'action,' as that term is used in section 1021.5, would defeat the purpose of the statute and could discourage many lawsuits in the public interest." (*Ibid.*)

15

The vindication of a claimant's individual rights under section 10962 does not similarly involve the enforcement of a fundamental public policy or provide a public benefit. As was the case here, a successful outcome may provide a meaningful *private* benefit to the claimant. But, without more, a prevailing party will not have conferred a valuable advantage to the general public or a large class of persons. Thus, the public policies identified in *Best* and *Edna Valley* supporting a broad statutory interpretation to include recovery of attorney fees incurred at the administrative level are missing here. Certainly, to the extent that a successful party on a section 10962 claim proves entitlement to private attorney general attorney fees under Code of Civil Procedure section 1021.5, he or she will be entitled to all the fees recoverable under that statute. (See *Land v. Anderson, supra*, 55 Cal.App.4th at p. 84.) However, in this case K did not seek attorney fees under Code of Civil Procedure section 1021.5, nor does the record support the entitlement to fees under this statute.

Under California law, a successful party is not entitled to attorney fees from the opposing party, unless a statute or contract specifically provides otherwise. Section 10962 provides for attorney fees to a party who obtains "a decision in his favor" in the superior court writ proceeding. However, unlike Code of Civil Procedure section 1021.5, there is nothing in the statutory language or policies underlying section 10962 suggesting the Legislature intended the state would also bear the burden of paying for attorney representation in the administrative proceeding. An award of attorney fees for work at the administrative hearing would penalize the state by significantly increasing its costs of administering its social service programs. Given the language of the statute, the

16

underlying public policies, and the nature of the administrative hearing process, we cannot imply the Legislature intended this result.[3]

Finally, we find unavailing K's lengthy discussion of the attorney fees lodestar concept. We agree that once a party has established he or she is entitled to fees, the lodestar method is generally presumed to be the starting point in analyzing the appropriate amount of attorney fees. (See *Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1131-1132; 1 Pearl, Cal. Attorney Fee Awards (Cont.Ed.Bar 3d ed. 2014) §§ 8.1-8.10.) Under this method, a court first calculates the number of hours reasonably spent multiplied by the reasonable hourly rate for each billing professional, and then may adjust the amount based on various relevant factors to ensure the fee reflects " 'the fair market value [of the attorney services] for the particular action.' " (*Concepcion v. Amscan Holdings, Inc.* (2014) 223 Cal.App.4th 1309, 1321.) This rule may apply even if the attorney has performed the services pro bono. (See *Flannery v. Prentice* (2001) 26 Cal.4th 572, 585; *Building a Better Redondo, Inc. v. City of Redondo Beach* (2012) 203 Cal.App.4th 852, 873.)

This lodestar calculation rule is unhelpful here. The issue before us concerns *whether* fees for work in the underlying administrative hearing are recoverable and not *how much* an attorney would be entitled for this work. We must determine if the Legislature intended these fees to be part of the fee recovery if a social services claimant

---

3        In reaching this conclusion, we have examined the legislative history materials provided by the parties, but the parties have not pointed to, nor has our independent review disclosed, any statements in the legislative materials that are relevant or helpful to resolving the issues before us.

17

obtains "a decision in his favor" in the writ of mandate action.  (§ 10962.)  The resolution of *this* issue does not require that we determine whether the hourly rate and time spent are reasonable and whether those fees should or should not be "enhanced."  We note further that Wolfinger did not request the court to use a lodestar multiplier to enhance his actual hours and hourly rate, and at oral argument, Wolfinger confirmed that he had not sought, and was not seeking, a multiplier to enhance his fees.

DISPOSITION

Affirmed.  The parties to bear their own costs.


HALLER, J.

WE CONCUR:


HUFFMAN, Acting P. J.


McINTYRE, J.

18